United States District Court
For the Middle District of Tennessee

simmons, christopher bernard, *In Pro Per*    )
                                              )      **3-15    0776**
Petitioner,                                   )
                                              )      Case No. _____
                                              )
v.                                            )
                                              )
                                              )
MIDLAND MORTGAGE, CO.;                        )      **PETITION AND DEMAND FOR**
SHAPIRO & MASSEY, LLC, et al.                 )      **JURY TRIAL**
                                              )
Respondent(s).                                )
                                              )
_____     )

## PETITION

**COMES NOW** simmons, christopher bernard (hereinafter "Petitioner"), hereby brings suit against MIDLAND MORTGAGE, CO.; SHAPIRO & MASSEY, LLC, et al., (hereinafter "Respondent(s)") for violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC §1692. Petitioner asks that the court take Judicial Notice of the enunciation of principles as stated in <u>Haines v. Kerner</u>, *404 U.S. 519*, wherein the court have recognized Pro per litigants should not to be held to the same standards as licensed attorneys. Petitioner states the following:

### PRELIMINARY STATEMENT

1. This action is an action for damages brought by Petitioner against Respondent(s) for violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC §1692 and Defamation of Character respectively.

2. Upon belief and information, Petitioner contends that many of these practices are widespread for some or all of the Respondent(s).

3. Petitioner contends that the Respondent(s) have violated such laws by repeatedly harassing Petitioner in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 15 U.S.C. §1692k(d) United States District Court For the Middle District of Tennessee.

5. Venue is proper pursuant to 28 U.S.C. §1391b and venue in this district is proper in that the Petitioner resides here, the Respondent(s) transact business here, and the conduct complained of occurred here.

6. This is an action for damages which exceed $1,000.00.

## PARTIES

7. Petitioner, simmons, christopher bernard, is a man domiciled in Tennessee.

8. Petitioner is a "consumer" as defined by FDCPA 15 U.S.C. §1692 a(3).

9. Respondent(s) are debt collectors as defined by FDCPA 15 U.S.C. §1692 a(6).

10. Upon information and belief Respondent, MIDLAND MORTGAGE, CO. is a Oklahoma Corporation with a principal place of business located at 501 N.W. Grand Blvd Oklahoma City, Oklahoma 73118.

11. Upon information and belief Respondent, SHAPIRO & MASSEY, LLC is a Mississippi, Limited Liability Corporation with a principal place of business located at 1080 River Oaks Drive, Suite B-202, Flowood, Mississippi 39232.

## FACTUAL ALLEGATIONS

12. Petitioner brings this action regarding Respondent(s) continued attempts to collect an alleged debt Respondent(s) claim is owed them. However, Petitioner is without knowledge of the alleged debt Respondent(s) purport to claim is owed.

13. On or about July 1, 2015, in response to Respondent(s) dunning letters, Petitioner served upon Respondent SHAPIRO & MASSEY, LLC a NOTICE AND DEMAND FOR VERIFICATION AND VALIDATION OF ALLEGED DEBT AND DEMAND TO CEASE AND DESIST FORECLOSURE ACTIVITIES, FILE# SCB-07012015-SML via USPS Registered Mail# RB977321363US pursuant to 15 USC§1692, FDCPA (see attached "Exhibit A"). The notice required Respondent SHAPIRO & MASSEY, LLC, "debt collector", to verify and validate their alleged debt pursuant to 15 USC§1692g.

14. Petitioner has yet to receive any correspondence from Respondent(s);

15. Petitioner's home is scheduled for sale on July 16, 2015, but Petitioner has yet to receive any verification or validation of any alleged debt;

16. In the NOTICE AND DEMAND FOR VERIFICATION AND VALIDATION OF ALLEGED DEBT AND DEMAND TO CEASE AND DESIST FORECLOSURE ACTIVITIES, FILE# SCB-07012015-SML via USPS Registered Mail# RB977321363US to Respondent SHAPIRO & MASSEY, LLC, Petitioner stated specifically how Respondent SHAPIRO & MASSEY, LLC is to respond. A response in any other manner would be treated as a non-response. Respondent SHAPIRO & MASSEY, LLC is in non-response.

17. On or about July 15, 2015, Petitioner spoke with Respondent(s) over the phone to postpone the sale, Respondent SHAPIRO AND MASSEY, LLC stated they sent

validation via United Parcel Service that contained "copies" of publicly listed documents filed in the DeSoto County Recorder's office, which I have yet to receive and or review before a sale takes place. The proffered documents, I am sure, fails to prove the existence of the alleged debt owed to Respondent MIDLAND MORTGAGE.

18. Petitioner has suffered significant economic harm as a result of the erroneous credit reporting by each of the Respondent(s).

19. Moreover, to prevent further injury to petitioner, he has mailed a certified check in the amount owed to MIDFIRST BANK via USPS Registered Mail # RE 158 622 015 US;

20. The above-detailed conduct by each of the Respondent(s) has more to do with their deceptive and illegal acts in their attempt to collect the alleged debt, as opposed to any determined legitimacy of their alleged debt. The FDCPA relates to the Respondent(s) even if they were collecting a legitimate debt. Petitioner asserts for the record that neither Respondent(s) are creditors, Lenders, and/or Mortgagors, neither did either Respondent(s) provide any credit to Petitioner. Notwithstanding each of the Respondents are "debt collectors" pursuant to 15 USC §1692a(6). Petitioner alleges the FDCPA states in part;

    a. The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

For the purpose of section 808(6), such term also includes any person who uses any instrumentality of interstate commerce or he mails in any business the principal purpose of which is the enforcement of security interests.

21. Petitioner therefore seeks damages as a result of Respondent(s) acts.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY RESPONDENT(S) MIDLAND MORTGAGE, SHAPIRO & MASSEY, LLC, et al.

22. Petitioner alleges and incorporates the information in paragraphs 1 through 20.

23. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

24. CHRIS SIMMONS is a "consumer" as defined in 15 USC 1692a(3). Respondent(s) "MIDLAND MORTGAGE" and "SHAPIRO & MASSEY, LLC" are "debt collectors" as defined in 15 USC §1692a(6). Respondent(s) were attempting to collect a debt for "household purposes 15 USC 1692a(5).

25. Petitioner served Respondent(s) with a Notice of Dispute in compliance with 15 USC§1692g. 15 USC 1692g requires Respondent(s) to provide Petitioner with validation of the alleged debt once received. 15 USC 1692g(5)(b) requires Respondent(s) to **cease all collection activity** until the debt collector obtains validation of the alleged debt. Respondent(s) have failed to provide one scintilla of proof of their alleged debt. However Respondent(s) continue to make attempts at collection of the alleged debt.

26. Respondent(s) violated the FDCPA, and caused damages to Petitioner by their failure to comply with the Act. Respondent's violations include, but are not limited to the following:

a. Respondent(s) violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

   b. Respondent(s) violated §1692j of the FDCPA by using unfair or unconscionably means in connection with the collection of an alleged debt;

   c. Respondent(s) using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692f;

   d. Respondent(s) violated the 15 USC§1692(e)(8) requires debt collectors to communicate the disputed status of a debt if the debt collector 'knows or should know' that the debt is disputed, standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is "acquired."

27. Specifically Respondent(s) knew they were not entitled to collect on the non-existent debt.

28. Respondent(s) were fully aware that they are unable to provide a performance contract executed by Petitioner, whereby Petitioner is obligated to Respondent(s).

## COUNT II
## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS

29. Petitioner alleges and incorporates the information in paragraphs 1 through 28.

30. Respondent(s) were aware of their wrongful conduct in creating an alleged debt Petitioner is not obligated to, or is not able to discern the amount and character of the alleged debt. Respondent(s) knew and approves of its incompetent employees and agents, attorney debt collectors, and debt collection agency to whom they sold the alleged debt to, who are involved in debt collection against the Petitioner. Respondent(s) negligently, wantonly,

Case 3:15-cv-00776 Document 1 Filed 07/16/15 Page 6 of 8 PageID #: 6

and/or intentionally hired, trained, retained, or supervised incompetent debt collectors in Respondent(s) whom were allowed or encouraged to violate the law as was done to the Petitioner. Respondent(s) are therefore responsible and liable to the Petitioner for the wrongs committed against her, and the substantial damages suffered by Petitioner.

31. Therefore Petitioner is entitled to punitive, consequential, actual, and special damages, and any other such damages the court deems necessary.

## CONCLUSION

**THEREFORE**, Respondent(s) are liable to Petitioner for damages for emotional, mental stress, insomnia, embarrassment, loss of sleep, anxiety, and other related damages due to Respondent(s)' acts. Petitioner demands judgment for damages against Respondent (s) for actual damages, punitive damages, and statutory damages of $1,000.00, attorney fees, and costs pursuant to 15 U.S.C.§1681(n), and 15 USC§1681(o).

## DEMAND FOR JURY TRIAL

Petitioner hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 16th of July, 2014.

Without Prejudice and All Liberties and Rights reserved,

Authorized Agent, by: _simmons, christopher bernard_

simmons, christopher bernard, Injured Third Party Intervener
c/o P.O. Box 331262
Nashville, Tennessee
Tel: 615 496 1652

NOTICE TO AGENT IS NOTICE TO PRINCIPAL
**CERTIFICATION OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this PETITION was furnished by USPS CERTIFIED Mail, postage pre-paid, on this 16th day of July, 2015 to all parties involved.

Date: 16th day of July, 2015

Respectfully Submitted,

Without Prejudice and All Liberties and Rights reserved,

Authorized Agent, by: _signature_

simmons, christopher bernard, Injured Third Party Intervener
c/o P.O. Box 331262
Nashville, Tennessee
Tel: 615 496 1652


SHAPIRO & MASSEY, LLC
1080 River Oaks Drive, Suite B-202
Flowood, Mississippi 39232
SERVICE: Certified Mail# 7014 0510 0000 2283 8142; Return Receipt;

M. Randolph Sparks
c/o MIDLAND MORTGAGE, CO.
501 N.W. GRAND BLVD.
Oklahoma City, Oklahoma 73118
SERVICE: Certified Mail# 7014 0510 0000 2283 8159; Return Receipt;

Page 8 of 8

Case 3:15-cv-00776 Document 1 Filed 07/16/15 Page 8 of 8 PageID #: 8