IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CHRISTOPHER B. SIMMONS, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>MIDLAND MORTGAGE CO.; )<br>SHAPIRO & MASSEY, LLC, et al. )<br>)<br>Defendants. ) | CASE NO.:    3:15-cv-00776<br>JUDGE:         TRAUGER<br>MAGISTRATE:   KNOWLES |

_____

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
_____

Comes now, MidFirst Bank ("MidFirst"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(7), and files this Memorandum of Law in support of its simultaneously filed Motion to Dismiss, and states:

### INTRODUCTION

Plaintiff is *pro se* and has filed his complaint for the sole purpose of delaying a foreclosure on property located at 5763 Savannah Parkway, Southaven, Mississippi 38672 (hereinafter, "Property"). In doing so, Plaintiff has failed to make any substantive allegations against the actual entity—MidFirst Bank (hereinafter, "MidFirst")—seeking to foreclose on the Property due to Plaintiff's default under the terms of the relevant Deed of Trust. Instead,

1

Plaintiff has made all substantive allegations against "Midland Mortgage Co." and sometimes refers to it as "Midland Mortgage" (hereinafter both referenced as, "Midland"), an entity that holds no interest whatsoever in the Property[1]. Plaintiff's sole mention of MidFirst is a factual allegation that Plaintiff "has mailed a certified check in the amount owed to MIDFIRST BANK via USPS Registered Mail #RE 158 622 015 US". Complaint, ¶19. Plaintiff makes no other mention of MidFirst anywhere in the complaint, nor does he list MidFirst as a "party" to the complaint. *See* Complaint, ¶¶ 7-11. Nor does Plaintiff explain in any way why he has allegedly sent money to MidFirst when a plain reading of the complaint shows no allegations of wrongdoing directed against MidFirst in any way. Even liberally construed, the complaint has failed to make any allegations or causes of action, substantive or otherwise, against MidFirst—an indispensable party to this litigation. As such, the Court should dismiss the complaint and Plaintiff's case for failure to join a party under Fed. R. Civ. P. 19.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff has exhibited a pattern and practice of vexatious and unnecessary litigation to produce delay over a long period of time in both state and federal courts in the State of Tennessee with respect to the Property at issue in this case and other parcels of real property owned by the Plaintiff. Most recently, Plaintiff filed for Chapter 13 protection under Title 11 of the United States Code in the bankruptcy court for the Middle District of Tennessee in September 2014. Once dismissal of his bankruptcy case was imminent, Plaintiff filed an Adversary Proceeding in order to delay further, unsuccessfully, the inevitable foreclosure on the

---

[1] The Complaint also make several distinct allegations against "Shapiro & Massey, LLC", who has served as the Substitute Trustee spearheading the efforts to foreclose on MidFirst Bank's interest in the property due to the default of Plaintiff under the terms of the Deed of Trust. MidFirst takes no position as to the accuracy or efficacy of the allegations in the complaint made against "Shapiro & Massey, LLC". This Motion to Dismiss and Memorandum of Law in support is aimed solely at the allegations made against "Midland Mortgage Co.", "Midland Mortgage", and all other iterations of such entity that has no interest in the Property and consequently no interest in this case.

2

Property. Once his complaint in the Adversary Proceeding was dismissed on myriad grounds, Plaintiff filed an untimely Notice of Appeal and Election to the Sixth Circuit Bankruptcy Appellate Panel—where the case currently resides. A detailed account of Plaintiff's delay tactics, failure to abide by the orders of the Court, and general obfuscation with respect to the disposition of the Property are presented below.

### A. Plaintiff's Bankruptcy Case

Plaintiff filed a petition under Chapter 13 of the Bankruptcy Code on September 26, 2014. *See* Doc. 1 of Case No. 3:14-bk-07702-KML[2]. The initial meeting of creditors was scheduled to occur on October 28, 2014. *See* Doc. 6. On October 10, 2014, Plaintiff filed a Chapter 13 Plan ("Plan") in which it treated MidFirst's properly-perfected security interest in the property located at 5763 Savannah Parkway, Southaven, Mississippi 38672 (the "Property") as an unsecured, non-priority claim in the bankruptcy case. *See* Doc. 9, p. 4. On October 23, 2014 the Plaintiff filed a "Motion to Continue Hearing", which included only what appears to be a LBR 9013 notice page and a certificate of service. Doc. 16. On October 28, 2014, the Chapter 13 Trustee (the "Trustee") objected to the Plaintiff's motion to continue the meeting of creditors. On October 29, 2014, the Trustee filed a Motion to Dismiss for Failure to Pay. Doc. 19. On November 5, 2014, MidFirst filed a proof of claim ("POC") representing its perfected security interest in the Property and filed its first Notice of Payment Change pursuant to Fed. R. Bankr. P. 3002.1 five days later due to a then-imminent escrow change. *See* Court's Claim #2; Doc. 23. On November 6, 2014, the Trustee entered a note on the docket continuing the meeting of creditors to December 9, 2014. *See* Doc. 22.

---

[2] All references to Docket Entries in this section ("A") refer to the docket found in Bankruptcy Case No. 3:14-bk-07702-RSM. All references to proofs of claim are from the same bankruptcy case.

3

On November 21, 2014, the Plaintiff filed an "Objection to Notice of Payment Change" which ostensibly objected to both the recently-filed POC and Notice of Payment Change. Doc. 28. This objection did not comply with LBR 9013. Id. On December 10, 2014, the Court entered an order dismissing the Plaintiff's bankruptcy case due to the failure to make plan payments. Doc. 36. On December 16, 2014, the Plaintiff filed a "Notice to reset objection to claims hearing until forthcoming objection to dismissal has been adjudicated" seeking ostensibly to set aside the order dismissing his bankruptcy case for failure to make plan payments. Doc. 41. On January 7, 2015, the Court heard the Plaintiff's motion to set aside the dismissal and ultimately granted it subject to certain conditions, specifically that the Trustee be able to issue a direct-pay payroll deduction order to the Plaintiff's employer. Doc. 48. Due to the Plaintiff's non-compliance with LBR 9013 in bringing his previous objection to MidFirst's POC and Notice of Payment Change, the Court ordered undersigned counsel to submit an order denying the Plaintiff's objection without prejudice, and such order was entered by the Court. Doc. 54. Included in this order was the provision that any future objections to MidFirst's POC were to comply with LBR 9013. Id.

On January 14, 2015, the Trustee yet again continued the meeting of creditors to February 3, 2015. Doc. 53. On February 2, 2015, MidFirst filed an objection to confirmation to the Plaintiff's Plan specifically objecting to its mistreatment of MidFirst's perfected security interest in the Property as an unsecured, non-priority claim. Doc. 62. The same day, the Plaintiff filed a "Emergency Notice to Reset Meeting of Creditors" stating that Plaintiff's "real property caught fire and forced him on continuous travel to and from Southaven, Mississippi to assess the damage with limited to zero internet." Doc. 63, p. 1. On February 3, 2015, the Plaintiff filed amended schedules, statement of financial affairs, statement of current monthly income and

4

calculation of commitment period, and what Plaintiff represented as his "2013 Tax Year" IRS return form. *See* Doc. 64-70. Notably, amended Schedule A and F now included MidFirst whereas the previously filed schedules did not. *Cf.* Doc. 9. On February 4, 2015, the Trustee yet again continued the meeting of creditors to February 24, 2015. Doc. 71. On February 13, 2015, the Plaintiff filed a "Response in Opposition to MidFirst Bank's Objection to Confirmation and Renewed Objection To Proof of Claim #2" in which the Plaintiff did not make any legal arguments relevant to any confirmation issues, but simply took the opportunity to again objection to MidFirst's POC. *See* Doc. 73. This iteration of the Plaintiff's objection to MidFirst's POC, like the previous one, did not comply with LBR 9013. Id.

The meeting of creditors finally took place on February 24, 2015, with the confirmation hearing being set for March 11, 2015. Doc. 71. At the meeting of creditors, Plaintiff was equivocal, vague, sometimes hostile, and was an active impediment to the interrogation of both the Trustee and the undersigned counsel. As just one example, Plaintiff had, in his response to MidFirst's objection to confirmation, stated that the copy of the promissory note evidencing Plaintiff's obligation to pay "appears to be a ***masterful forgery*** and simmons, christopher bernard (sic) requests the original promissory note." Doc. 73, pp. 3-4, ¶19 (emphasis in original). When questioned about this particular assertion at his Meeting of Creditors, the Plaintiff repeated failed to answer the simple question of whether he believed the copies of the Note and Deed of Trust filed with MidFirst's POC were, in fact, "forgeries." Instead of answering yes or no, the Debtor repeatedly refused to answer, stated instead that he believed the documents were "masterful *photocopies*", and even asserted his Fifth Amendment rights against self-incrimination in refusing to answer. Such obfuscation was unfortunately typical throughout the Plaintiff's entire

5

meeting of creditors which lasted over thirty (30) minutes and was part in parcel to Plaintiff's conduct throughout his entire Chapter 13 bankruptcy case.

On February 25, 2015, the Trustee filed an Objection to Confirmation of Plan and Motion to Dismiss for a myriad of bases under the Bankruptcy Code. Doc. 81. On March 4, 2015, the Plaintiff file yet another "Motion to Continue Hearing on Objection to Confirmation and Motion to Dismiss" ostensibly to move the confirmation hearing date for a fourth time. Doc. 84. The asserted reason for needing another continuance was "to seek[] counsel", "due to a pre-scheduled family trip (March 10-16, 2014) for children and marriage reconciliation", and that Plaintiff had "attended marital counseling sessions and individual counseling sessions in an attempt to reclaim his separated wife and family." Doc. 84, pp. 1-2, ¶¶ 4-6. On March 5, 2015, the Court entered an order granting the Plaintiff one final continuance. Doc. 85 ("No further continuance of this hearing will be considered").

During the time period Plaintiff stated that he was on vacation on a cruise from March 10-16, 2015, the Plaintiff filed four (4) objections to various POC's filed in his bankruptcy case and two (2) Adversary Proceedings. See Doc. 89, 90, 91, 92, 97, 98. Included in this litany of filings while on vacation was yet another objection to MidFirst's POC which did not comply with LBR 9013 and the instant Adversary Proceeding. On March 13, 2015, MidFirst filed a joinder in the Trustee's objection to confirmation and motion to dismiss. Doc. 99. On March 18, 2015—almost 6 months after the initial petition was filed—the confirmation hearing took place. The Plaintiff failed to show up due to illness. See Doc. 105[3]. Despite the Plaintiff's absence, the Honorable Judge Randall S. Mashburn held an evidentiary hearing on the matter of the confirmation of Plaintiff's Chapter 13 Plan. The Trustee offered into the record proof of

---

[3] Plaintiff claimed that during his vacation cruise he had become very ill and unable to attend his confirmation hearing that had been continued now for a fourth time.

6

several fatal deficiencies in the Plaintiff's Plan and Schedules, including the fact that the Plan was mathematically unfeasible due to a deficit shown in the Plaintiff's disposable income calculation. Upon the receipt of the Trustee's offer of proof, Judge Mashburn ruled that the Plaintiff's Plan was not confirmable and dismissed the Plaintiff's bankruptcy case. *See* Doc. 108.

After the dismissal of the case, Judge Mashburn entered a docket order on the Plaintiff's motion to continue providing "[t]he Debtor's motion at docket entry #105 will be treated as a motion to set aside the dismissal of his case" and set the matter for hearing on April 8, 2015. *See* Doc. 109. On April 8, 2015, Judge Mashburn presided over the Plaintiff's motion to set aside the order of dismissal. At the outset of the hearing, the Trustee and undersigned counsel agreed to have the court set aside the order of confirmation for the purpose of having a substantive hearing on the confirmation of Plaintiff's Plan with the Plaintiff in attendance. Testimony of the Plaintiff and other evidence was offered into the record, and Judge Mashburn issued findings of fact and conclusions of law denying confirmation and dismissing the Plaintiff's bankruptcy case from the bench on four (4) distinct legal grounds. *See* Doc. 117. The automatic stay under 11 U.S.C. § 362(a) was terminated on the same day with respect to any property of the bankruptcy estate under 11 U.S.C. § 541, and foreclosure proceedings upon the Property were immediately started.

### B. Plaintiff's Adversary Proceeding

On March 12, 2015, the Plaintiff filed an Adversary Proceeding complaint against MidFirst and Midland. Doc. 1 in 3:15-AP-90129-RSM[4]. The Clerk of the Bankruptcy Court issued summons for the named defendants in the complaint on March 16, 2015. Doc. 2. Service of those summonses was never accomplished by the Plaintiff. On April 15, 2015, MidFirst filed

---

[4] All references to Docket entries in this section ("B") are within this Adversary Proceeding unless otherwise noted.

a Motion to Dismiss Adversary Proceeding (Doc. 7) which was set for hearing by the bankruptcy court for May 19, 2015. On May 4, 2015, a party/entity purporting to be an "intervenor" named "Cairo Basem Imhotep Bey" (hereinafter, "Bey") filed a Notice of Appearance in the Adversary Proceeding and a pleading construed to be a Motion to Intervene by the bankruptcy court. Doc. 13, 14. On May 12, 2015, Plaintiff filed a "Motion to Extend Time to (sic) due to Death in Family and Travel" asking for an additional thirty (30) days to response to MidFirst's Motion to Dismiss. Judge Mashburn entered an order providing the Plaintiff until noon on May 21, 2015 to file a response to MidFirst's Motion to Dismiss stating that "[t]he amount of time requested does not appear warranted, but a short extension and continuance will be granted." Doc. 18.

On May 14, 2015, MidFirst filed a "Motion to Strike or Deny Motion to Intervene of Cairo Basem Imhotep Bey" on the grounds that the pleading was "vague, incomprehensible, and fail[ed] to state any grounds upon which Bey may be entitled to intervene in [the Adversary Proceeding]." Doc. 20, p. 2. On May 20, 2015, Plaintiff filed a "Notice of Voluntary Dismissal of Adversary Proceeding"[5]. Doc. 27. Ignoring the Plaintiff's attempt to voluntarily dismiss the Adversary Proceeding due to the filing of the Motion to Dismiss over a month earlier, Judge Mashburn held the hearing on both MidFirst's Motion to Dismiss and Bey's Motion to Intervene on May 26, 2015 per the amended scheduling order entered by the bankruptcy court (Doc. 26). Plaintiff failed to attend the hearing on the Motion to Dismiss and no person/entity representing themselves to be "Bey" was present. At the hearing, Judge Mashburn made certain findings of fact and conclusions of law which he incorporated into the order dismissing the Adversary Proceeding. The grounds upon which the Adversary Proceeding was dismissed were myriad, including the "failure of plaintiff (sic) to timely or substantively respond to the motion to dismiss

---

[5] *See* fn. 1 in Doc. 30: "In advance of the hearing the Plaintiff filed a document entitled 'Notice of Voluntary Dismissal' indicating he wished to 'withdraw' his complaint. Since there was already a motion to dismiss pending, this 'notice' was ineffective to dismiss the case, and the Defendants pursued a dismissal based on their motion."

despite being given an extension of time to do so", "failure of Plaintiff to appear at the hearing in response to the motion", and "most importantly, lack of subject matter jurisdiction". Doc. 30, p. 2. More specifically, Judge Mashburn ruled that "[t]he lack of subject matter jurisdiction is based upon the fact that the main bankruptcy case was dismissed on April 10, 2015. With the underlying bankruptcy case dismissed, there is no basis under 28 U.S.C. § 1334(b) for the Court to exercise jurisdiction over the matters raised by the complaint." Id.

On June 3, 2015, Plaintiff filed an "Objection and Motion and Notice to Set Aside Dismissal and Notice of Hearing" attempting to set aside the bankruptcy court's dismissal of the complaint, stating *inter alia* that "an ORDER was entered GRANTING Respondents' Motion to Dismiss and for failure to attend a hearing" and "[u]pon the facts in this matter and chronological order of events, the ORDER to Dismiss should not have been entered, but a Voluntary Dismissal." Doc. 32, p. 3, ¶¶ 13, 14 (emphasis in original). On June 8, 2015, Judge Mashburn then *sua sponte* entered an order denying the Plaintiff's motion to set aside dismissal stating that "[t]he motion appears to be based on the mistaken belief that the failure of the debtor to appear at the hearing was a significant factor in the dismissal". Doc. 33, p. 1. Judge Mashburn stated further that "[t]he result of the hearing could have changed if the debtor had appeared because the most important reason for dismissal…is that this Court has no jurisdiction over the adversary proceeding in light of the fact that the underlying bankruptcy case…was dismissed several months ago. Without jurisdiction over this adversary proceeding, the Court has no basis to hear this matter…" Id. at p. 2.

On July 1, 2015, the Clerk of the bankruptcy court administratively closed the Adversary Proceeding. Doc. 36. On July 8, 2015 and July 9, 2015, the Plaintiff filed a "Notice and Request for Motion to Extend Time for File Notice of Appeal and Notice of Hearing" and "Notice of

9

Appeal and Statement of Election" respectively. Doc. 38, 39. The case currently resides with the Bankruptcy Appellate Panel for the Sixth Circuit Court of Appeals pending a ruling on jurisdiction based upon a lack of jurisdiction to hear the appeal due to the failure of Plaintiff to timely file his Notice of Appeal.

### C. Plaintiff's Vexatious Litigation history in this Court and Tennessee state court

Plaintiff is no stranger to the United States District Court for the Middle District of Tennessee. Plaintiff has filed no less than six (6) cases against mortgage creditors since 2009 including this case. *See* Case No. 3:09-cv-00621 (Judge Campbell, presiding; Magistrate Judge Knowles, referral); Case No. 3:09-cv-00766 (Judge Campbell, presiding; Magistrate Judge Knowles, referral); Case No. 3:11-cv-00476 (Judge Campbell, presiding; Magistrate Judge Knowles, referral); Case No. 3:12-cv-00142 (Judge Haynes, presiding); Case No. 3:14-cv-00761 (Judge Sharp, presiding; Magistrate Judge Griffin, referral); and the current case, Case No. 3:15-cv-00776 (Judge Trauger, presiding; Magistrate Judge Knowles, referral). Each of the previous five (5) cases were dismissed by the District Court upon Rule 12 motions. As for Tennessee state court litigation, a summary of the history of Plaintiff's duplicative and vexatious litigation against mortgage creditors can be found in *Federal National Mortgage Association v. Simmons*, 2014 Tenn. App. LEXIS 586 (Tenn. Ct. App., Sept. 23, 2014).

### D. "MidFirst Bank", "Midland Mortgage", and "Midland Mortgage Co."

MidFirst Bank has at all relevant times been the correct and only party-in-interest with respect to the controversy at issue in this case. MidFirst Bank is the holder of the certain Deed of Trust and Deed of Trust Note on the Property and is seeking to foreclose due to the Plaintiff's default under the terms of the Deed of Trust. Plaintiff refers at different times in the Complaint to "Midland Mortgage Co." as well as to a "Midland Mortgage". "Midland Mortgage Co." is an

10

entity that at no time has held any interest whatsoever in the Property. However, "Midland Mortgage" (not to be confused with "Midland Mortgage Co.") is not a separate entity at all—it is simply the name given by MidFirst Bank to its own internal servicing department that, when referenced at all, is described as "Midland Mortgage, *a division of* MidFirst Bank," (emphasis added). Plaintiff seemingly goes back and forth between using "Midland Mortgage Co." and "Midland Mortgage" throughout the Complaint without out any clear indication as to whether Plaintiff is referring to "Midland Mortgage Co." or to "Midland Mortgage, the division within MidFirst Bank", and neither names "MidFirst Bank" as a party nor makes any substantive allegations of wrongdoing against "MidFirst Bank". Attached as Exhibit A to the simultaneously filed Motion to Dismiss is the "Substitute Trustee's Notice of Sale" sent to the Plaintiff during the foreclosure process for the Property by Shapiro & Massey, LLC. Throughout the entire document, only MidFirst Bank is referenced as the entity seeking to foreclose on the Property. Neither "Midland Mortgage Co.", "Midland Mortgage", or "Midland Mortgage, a division of MidFirst Bank" are referenced in any way. Plaintiff has had for some time full knowledge that the only entity relevant to the mortgagee-mortgagor relationship on the Property was MidFirst. Nevertheless, Plaintiff wholly failed to name MidFirst as a party to this proceeding in the Complaint.

**STANDARD OF REVIEW**

When Plaintiffs are *pro se*, the allegations of their pleadings must be liberally construed. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the liberal treatment granted *pro se* litigants is not without limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Basic pleading rules still apply for *pro se* litigants, as bald assertions and personal opinions will not suffice. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The factual allegations,

11

assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). While *pro se* litigants are provided a more liberal review of their pleadings, such leniency should not force the Court to speculate as to the nature of the Plaintiff's claim or surmise the facts in support of conclusory accusations. *See Wells*, 891 F.2d at 594.

Generally, a Rule 12(b)(7) motion should be granted when there is an absent party without whom complete relief will not be possible in the case or whose interest in the controversy is such that to proceed without this party might prejudice it or the parties already present in the case. *Rojas v. Loewen Group Int'l*, 178 F.R.D. 356, 1998 U.S. Dist. LEXIS 4758 (D.P.R. 1998) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1359, at 424 (2d ed. 1990)). A court ruling on a 12(b)(7) motion may consider evidence outside the pleadings. *Albahary v. City of Bristol*, 963 F. Supp. 150, 156 n.2 (D.Conn. 1997). The movant has the burden of showing why the absent party should be joined. *Sunrise Financial, Inc. v. Paine Webber, Inc.* 948 F. Supp. 1002, 1006 (D.Utah 1996); 5A Wright & Miller, *Federal Practice and Procedure* § 1359, at 426-27. To meet this burden, the movant may submit affidavits or other relevant evidence. *Sunrise Financial*, 948 F. Supp. at 1006.

## ARGUMENT

### I. MidFirst is a "necessary" party to this litigation pursuant to Fed. R. Civ. P. 19(a)

A Rule 12(b)(7) motion is one to dismiss for failure to join a party under Rule 19. A court applying Rule 19 must keep in mind the rule's practical objective: to attain "judicial economies of scale" by resolving related disputes in a single lawsuit, while also preventing that single lawsuit from becoming hopelessly complex or unending. *Pujol v. Shearson American*

12

*Express, Inc.*, 877 F.2d 132, 134 (1st Cir. 1989) (quoting *Smuck v. Hobson*, 132 U.S. App. D.C. 372, 408 F.2d 175, 179 (D.C.Cir. 1969)). A Rule 19 analysis is a two-step process. *Pujol*, 877 F.2d at 134. The court must first determine whether it is feasible to join the absent party. Fed. R. Civ. P. 19(a); *Pujol*, 877 F.2d at 134. This is a determination of whether the absent party is a "necessary" one[6]. In applying Rule 19(a), a court must decide whether considerations of fairness and equity require that the absent party be joined. *Pujol*, 877 F.2d at 134. If a party is not a necessary one under Rule 19(a), it cannot be an indispensable one under 19(b), and the analysis ends. *Delgado v. Plaza Las Americas*, 139 F.3d 1, 1998 WL 91394, at *2 n.2 (1st Cir. 1998). Under Rule 19(a) a party is necessary if

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

The two clauses of Rule 19(a) are phrased in the disjunctive, and a court should treat them as such. *Janney*, 11 F.3d 399 at 405. Thus, a party is a necessary one if it meets the requirements of either 19(a)(1) or 19(a)(2).

In this case, MidFirst Bank is the sole entity that is seeking to enforce the provisions of the Deed of Trust on the Property in the foreclosure proceedings. "Midland Mortgage Co." and "Midland Mortgage" hold no interest in the Property and are not, cumulatively or individually, the correct party in interest to either the foreclosure or this case. As such, in the absence of MidFirst "complete relief cannot be according among those already parties". Additionally, MidFirst "claims an interest relating to the subject matter [i.e., the Property] and is so situated

---

[6] Rule 19(a) uses the word "feasible" rather than "necessary." The term "necessary" is derived from an earlier version of the rule. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 n.4 (3rd Cir. 1993).

13

that the disposition of the action in [MidFirst's] absence" will "impair or impede [MidFirst's] ability to protect that interest," and will "leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Any litigation involving the disposition of the Property must include MidFirst in order to resolve all related disputes in a single lawsuit, while also preventing that single lawsuit from becoming hopelessly complex or unending. Therefore, MidFirst is a "necessary" party pursuant Fed. R. Civ. P. 19(a).

## II. MidFirst is an "indispensable" party pursuant to Fed. R. Civ. P. 19(b)

Once a court determines that a party is a necessary one under Rule 19(a), it must then determine whether it is also an indispensable one under 19(b). This analysis is done on a case-by-case basis. *Provident Tradesmens B&T Co. v. Patterson*, 390 U.S. 102, 118-19 (1968). The court must determine whether, in the interests of efficiency and fairness, it is so important to join the absent party that the case should not proceed at all. *Pujol*, 877 F.2d at 134. In reaching its determination, the court must consider four factors:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

Fed. R. Civ. P. 19(b). These four factors are overlapping. *Travelers Indemnity Co. v. Household Int'l Inc.*, 775 F. Supp. 518, 526 (D. Conn. 1991). Additionally, the Supreme Court has articulated four corresponding interests which the rule's four factors promote: (1) the interest of the absent party, (2) the defendant's interest in avoiding inconsistent relief, multiple litigation, or sole responsibility for a liability which it shares with an absent party, (3) the interests of the public and the courts in consistent, complete, and efficient settlement of cases, and (4) the

14

plaintiff's interests in having an appropriate forum.  *Provident*, 390 U.S. at 108-11; *H.D. Corp. of Puerto Rico v. Ford Motor Co.*, 791 F.2d 987, 992-93 (1st Cir. 1986).

As to the first factor, a judgment rendered in the absence of MidFirst would not be effective to produce the purported relief requested in the complaint—namely an injunction against further foreclosure proceedings and damages under the Fair Debt Collection Practices Act (hereinafter, "FDCPA").  The corresponding *Provident* interest is MidFirst's interest in the Property and in this case.  If Plaintiff is granted an injunction against "Midland Mortgage Co.", "Midland Mortgage", and "Shapiro & Massey, LLC", the foreclosure would still go forward due to MidFirst—being the only correct party in interest as holder of the Note and, as a consequence, the only party entitled to enforce the default, acceleration, and foreclosure provisions of the Deed of Trust for the Property—not being a party to such injunction.  As long as the foreclosing agent of MidFirst was not named in the injunctive relief, such relief would be no impediment to the foreclosure moving forward.  Therefore, under the first prong of the analysis, MidFirst is an "indispensable" party under Rule 19(b).

As to the second factor, the prejudice to MidFirst and the named entities actually party to this litigation could not be lessened or avoided through "protective provisions in the judgment" in the absence of MidFirst as the correct party in interest.  The corresponding *Provident* interest is MidFirst's interest in avoiding inconsistent relief, multiple litigation, or Shapiro & Massey, LLC's sole responsibility for a liability which it shares with an absent party.  As mentioned above, the injunctive relief sought by the Plaintiff in this case would be completely ineffective unless MidFirst was included in this case properly.  Additionally, any judgment for damages against MidFirst without being substantively named as a party in the complaint—and thus able to participate fully in the adjudication of such matters—would be unfairly prejudicial in the most

15

basic way. Furthermore, any judgment for damages against entities/parties with no interest whatsoever in the Property or participation in the events alleged in the complaint would be equally unfairly prejudicial. As mentioned *supra*, Shapiro & Massey, LLC is the law firm conducting the foreclosure in the name of MidFirst. As such, Shapiro & Massey, LLC is acting as an agent for MidFirst. Any damages rendered or injunctive relief granted against them individually for actions taken on behalf of MidFirst but without the inclusion of MidFirst would be unfairly prejudicial. Therefore, under the second prong of the analysis, MidFirst is an "indispensable" party under Rule 19(b).

As to the third factor, and for the reasons proffered for MidFirst being an "indispensable" party under the first two prongs of the analysis, any judgment rendered in MidFirst's absence would be wholly ineffective as to accomplishing and effecting the relief requested. The corresponding *Provident* interest is that of the public and the courts in the complete and efficient settlement of controversies. If the Plaintiff's case is allowed to proceed without the inclusion of MidFirst would only serve to cause duplicative, unnecessary litigation and lack of judicial economy. Therefore, under the third prong of the analysis, MidFirst is an "indispensable" party under Rule 19(b).

As to the fourth and final factor, the Court must consider whether Plaintiff will have an adequate forum if the action is dismissed. *Provident*, 390 U.S. at 109. The corresponding *Provident* interest deals with plaintiff's interests in having an appropriate forum. Dismissal of this action by the Court would not deprive Plaintiff of any number of options for forums in which to bring this action. First, Plaintiff is free to re-file this action including the appropriate party in interest—MidFirst—and removing all non-parties in interest—Midland Mortgage Co., Midland Mortgage—in any Tennessee state court of general jurisdiction without any prejudice to

16

his potential causes of action, assuming all relevant venue rules are fulfilled by Plaintiff upon filing such an action. Second, Plaintiff is free to re-file this action in this Court, a District Court in the state of Mississippi—the state in which the situs of the Property is, or any other District Court as the complaint pleads allegations pursuant to the FDCPA—a federal statute which would confer federal question subject-matter jurisdiction upon any district court in the federal system. Any dismissal of this action would not be on the merits of the complaint, and thus there would be no *res judicata* effect as a consequence. Such a dismissal "without prejudice" would cause no impediment to Plaintiff's re-filing of this action to include the property parties in interest to the controversy and to remove any improper parties. As such, Plaintiff would not be denied an adequate forum if this case is dismissed, and the fourth factor is fulfilled.

## **CONCLUSION**

As demonstrated above, MidFirst is both a "necessary" and "indispensable" party to this litigation under Rule 19 of the Federal Rules of Civil Procedure. The failure of the Plaintiff to direct any meaningful or substantive allegations in the complaint against MidFirst, and instead against "Midland Mortgage Co." and "Midland Mortgage", constitutes a failure to join a necessary and indispensible party to this litigation pursuant to Rule 19. Such a failure constitute grounds for dismissal of the complaint pursuant to Rule 12(b)(7), and MidFirst respectfully requests a dismissal of the complaint under Rule 12(b)(7). In the alternative, if the Court believes that judicial economy would be better served by granting Plaintiff leave to amend his complaint to include only the "necessary" and "indispensible" parties to this litigation—namely, MidFirst and Shapiro & Massey, LLC—and to remove any erroneously named parties, "Midland Mortgage Co." and "Midland Mortgage", MidFirst respectfully requests that the Court order that

17

the amended complaint be filed with the court within ten (10) days with the penalty of non-compliance of such order being immediate dismissal of the complaint.

Respectfully submitted,

*/s/ Michael N. Wennerlund*
**Michael N. Wennerlund** (TBPR #031332)
WILSON & ASSOCIATES, P.L.L.C.
8 Cadillac Drive, Suite 120
Brentwood TN 37027
Tele: 615-255-9388
Fax: 615-255-5581
mwennerlund@wilson-assoc.com

Attorney for MIDFIRST BANK

**CERTIFICATE OF SERVICE**

On August 10, 2015, a true and correct copy of the foregoing Memorandum of Law in Support of MidFirst Bank's Motion to Dismiss was served electronically through the electronic case filing system (ECF) and/or by the United States Postal Service, postage-paid, upon:

Christopher B. Simmons
*Pro Se*
P.O. Box 331262
Nashville, TN 37211

*/s/ Michael N. Wennerlund*
Michael N. Wennerlund (031332)